### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                No. 02-CR-2283

WAYLON G. SANCHEZ,

      Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER AND ORDER ON RECONSIDERATION

THIS MATTER comes before the Court pursuant to Defendant's Motion to Reconsider Order of Detention [Docket No. 12]. I find that Defendant is correct in his assertion that this Court incorrectly applied a rebuttable presumption in favor of detention. On that basis, I will grant Defendant's motion for reconsideration.

On reconsideration and based on the evidence presented at the December 9, 2002 hearing, I find, pursuant to 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of other persons in the community. The evidence against the Defendant with regard to the charged crime is overwhelming and includes the Defendant's own admission to a Special Agent of the Bureau of Indian Affairs (Case Agent). The evidence at the hearing revealed that Defendant is no longer employed. Additionally, Defendant's employment ended November 17, 2002, but he represented to the Case Agent on November 19, 2002 that he was still employed. Defendant lied to Pretrial

Services on November 22, 2002 by stating that he was still employed.  Defendant further lied to

Pretrial Services by telling them that his only prior convictions were for alcohol related offenses

when, in fact, Defendant had a prior conviction for child neglect.  I find, based on this evidence,

that Defendant is a flight risk and that no conditions of release will reasonably assure the

appearance of the Defendant.

The evidence at the hearing shows that Defendant is charged with burning a two year-old

child with a curling iron.  The Case Agent testified that Defendant admitted becoming angry after

stepping on the cord of a curling iron and forcing the child, who had just gotten out of the

bathtub, to sit naked on the hot curling iron for one minute as punishment.  The Case Agent

presented evidence in the form of his testimony and photographs that the child sustained second

and third degree burns to his buttocks.[1]  Defendant then pushed the child out of the room by

placing the curling iron against the child's back in two different places.  The Court recognizes that

Defendant is merely charged with this conduct and has not been convicted of the charged crime.

However, the charged conduct, if it occurred, shows an extraordinary disregard on the part of the

Defendant for the safety and well-being of others.  Additionally, it shows an inability on the part

of Defendant to deal with his own anger in a manner that does not put others at risk.  I find that

no conditions of release will reasonably assure the safety of others.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider Order of

Detention [Docket No. 12] is hereby GRANTED.

On Reconsideration IT IS ORDERED that the Government's Appeal of Judge Puglisi's

---

[1]Defense counsel attempted to argue without presenting any evidence that the red marks and scars evident in the photographs were the symptoms of impetigo.  Counsel's remarks are not evidence and the Court will give no weight to these assertions.

release order is SUSTAINED, the release order is SET ASIDE, and the Defendant is remanded to

the Custody of the United States Marshal pending trial.

 

 

 

_____

UNITED STATES DISTRICT JUDGE