IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       CRIMINAL NO. 02-2283 JB

WAYLON SANCHEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the United States' Motion in Limine Concerning the Testimony of Paula Padilla (Doc. 81). The Government requested a pre-trial hearing to determine if the witness Paula Padilla ("Padilla") would be available to testify in the Government's case-in-chief or for the defendant. The Court held that hearing. Because Padilla's counsel represented that she would be invoking her Fifth Amendment privilege against self-incrimination, the Court determines that Padilla will not testify as a witness at the trial on this case, but instead will claim her Fifth Amendment privilege.

## BACKGROUND

The Government previously requested that the witness, Padilla, be appointed an attorney because of an affidavit that she had signed which contained potentially inculpatory statements. On April 4, 2003, this Court appointed James E. Bierly to represent Padilla. The Government stated that, if Padilla did testify as a witness in this case, she would be extensively cross-examined and might claim the right to refuse to answer questions pursuant to her Fifth Amendment privilege. The Government and Sanchez both indicated that, before opening statements, they needed to know

whether Padilla will be a witness and whether she will testify about the substance of her affidavit and other related matters.

## ANALYSIS

Pursuant to the Government's request, the Court held a pre-trial hearing on Thursday, October 2, 2003.  At the hearing on this motion, Mr. Bierly represented to the Court that he had been unable to meet with or speak with Padilla until September 30, 2003.  After consulting with his client, however, Mr. Bierly made it clear that, if either the Government or Sanchez called Padilla as a witness at trial on or about October 6, 2003, she would not testify, but would claim the right to remain silent pursuant to the Fifth Amendment of the United States Constitution.  The Court determined, based on the current representations of Padilla's counsel, that she intends to claim her Fifth Amendment privilege not to testify in whole or in part as a witness at the trial in this case.

**WHEREFORE, IT IS ORDERED,** that the United States's Motion in Limine Concerning the Testimony of Paula Padilla is granted.  After holding a pre-trial hearing, the Court finds that Paula Padilla will not testify at the trial in this case in whole or in part.

_____
UNITED STATES DISTRICT JUDGE

David C. Iglesias, United States Attorney
Marron Lee, AUSA
Fred Smith, AUSA
U. S. Attorney's Office
Albuquerque, New Mexico

*Attorneys for the United States*

Margaret Katze, AFPD
Federal Public Defender
Albuquerque, New Mexico

*Attorney for Defendant Waylon Sanchez*